UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANAH R. HAMILTON, | Case No. CV 16-5798-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff Chanah R. Hamilton ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her application for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I.

## **PROCEDURAL HISTORY**

On November 29, 2011, Plaintiff filed an application for DIB and SSI, alleging a disability onset date of November 29, 2010. Administrative Record

---

[1] Pursuant to the request of the parties, the Court substitutes Nancy A. Berryhill, the current Acting Commissioner of Social Security, as Defendant in this action. Fed. R. Civ. P. 25(d).

("AR") at 263-72. Plaintiff's application was denied initially on May 16, 2012, and upon reconsideration on January 3, 2013. Id. at 125-26, 157-58. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 182. On October 1, 2014, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 34-91. A vocational expert ("VE") also testified at the hearing. Id. at 71-87. On January 13, 2016, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 14-28.

On March 6, 2015, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 11. On June 7, 2016, the Appeals Council denied Plaintiff's request for review. Id. at 1-7.

On August 4, 2016, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed on May 9, 2017. Dkt. 21, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on April 3, 1969, and her alleged disability onset date is November 29, 2010. AR at 37, 40, 263. She was forty-one years old on the alleged disability onset date and forty-five years old at the time of the hearing before the ALJ. Id. at 37, 40, 263. Plaintiff completed four years of college and she has work experience as a home health aide, clerk, area supervisor, and computer systems manager. Id. at 73, 75. Plaintiff alleges disability based on depression, anxiety, agoraphobia, hypokalemia, and a history of alcoholism in remission. Id. at 39.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for DIB and SSI, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721

(9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]
4. Is the claimant capable of performing work she has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets her burden of establishing an inability to perform past work, the

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for her verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

3

Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

### A. STEP ONE

At step one, the ALJ found Plaintiff has not engaged "in substantial gainful activity since November 29, 2010, the alleged onset date." AR at 19.

### B. STEP TWO

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: depression not otherwise specified (NOS), a panic disorder with agoraphobia, alcohol abuse in sustained remission for three years and hypertension." Id. at 20.

### C. STEP THREE

At step three, the ALJ found Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id.

### D. RFC DETERMINATION

The ALJ found Plaintiff had the following RFC:
> "to perform a full range of work at all exertional levels but with the following nonexertional limitations: she needs to avoid climbing ladders, ropes or scaffolds and needs to avoid concentrated exposure to hazardous machinery and unprotected heights. The claimant is limited to occasional decision-making, occasional changes in working setting, occasional exercise of judgment, and occasional interaction with the public and coworkers."

Id. at 25.

**E. STEP FOUR**

At step four, the ALJ found Plaintiff is "capable of performing past relevant work as a clerk, general." Id. at 27.

**V.**

**PLAINTIFF'S CLAIMS**

Plaintiff presents two disputed issues: (1) whether the ALJ provided clear and convincing reasons to reject the limitation to simple work assessed by the consultative examiner and the state agency physicians; and (2) whether the ALJ provided clear and convincing reasons to reject Plaintiff's subjective complaints of limitations.[3]

**VI.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720 (citation omitted); see also Hill v. Astrue, 698 F.3d 1153,

---

[3] The Court finds the second issue dispositive of this matter and thus declines to address the remaining issue. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand.").

5

1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific quantum of supporting evidence'") (citation omitted). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885 (citation omitted).

## VII.
## DISCUSSION
## THE ALJ ERRONEOUSLY REJECTED PLAINTIFF'S SUBJECTIVE COMPLAINTS OF IMPAIRMENT

**A. RELEVANT FACTS**

**(1) Plaintiff's Testimony Regarding Her Impairments**

Plaintiff testified she could not maintain full-time work because she would be absent too often due to her symptoms. AR at 50. She stated she has suffered from anxiety and depression since the age of fourteen. Id. at 63. She testified she has "good and bad days," and that due to her depression she was unable "to even get out of bed on [bad] days" because she "just get[s] stuck." Id. at 63, 69. She experiences hopelessness, feels "that there's just no point," and does not want to go out or see people. Id. at 51, 69. On those days, she keeps her curtains drawn and

does not "want anything to do . . . with it." Id. at 69. She has these bad days three to four times a week. Id.

Plaintiff testified that she works about ten hours a week as a home care provider for a friend. Id. at 42, 50. She primarily cleans the friend's house, prepares some of his meals, and does his laundry and shopping. Id. at 44. Two to three times a week, she cancels her commitments to her friend due to her symptoms. Id. at 69-70.

Plaintiff testified that she goes shopping, but only every other day for "30 minutes at the most." Id. at 66. She does not look at or talk to people in the store. Id. Her "social network is strictly within the circles of [Alcoholics Anonymous]," she does not keep in contact with people from her past, and she does not use social media. Id.

Plaintiff testified she no longer drinks alcohol and that she takes Sertraline and Ativan for panic attacks. Id. at 52.

### (2) The ALJ's Adverse Credibility Finding

The ALJ detailed Plaintiff's medical history, id. at 20-24, 26-27, as well as her hearing testimony, id. at 25-26. The ALJ then found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Id. at 26.

### B. APPLICABLE LAW

If "the record establishes the existence of a medically determinable impairment that could reasonably give rise to the reported symptoms, an ALJ must make a finding as to the credibility of the claimant's statements about the

symptoms and their functional effect." Robbins, 466 F.3d at 883 (citations omitted).[4]

The ALJ is required to engage in a two-step analysis. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (citations and internal quotation marks omitted). "If the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." Id. (citations and internal quotation marks omitted). "The ALJ must state specifically which symptom testimony is not credible and what facts in

---

[4] On March 28, 2016, after the ALJ's assessment in this case, SSR 16–3p went into effect. See SSR 16–3p, 2016 WL 1119029 (Mar. 16, 2016). SSR 16–3p supersedes SSR 96–7p, the previous policy governing the evaluation of subjective symptoms. Id. at *1. SSR 16–3p indicates that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." Id. Moreover, "[i]n doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character[;] [i]nstead, we will more closely follow our regulatory language regarding symptom evaluation." Id. Thus, the adjudicator "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." Id. at *10. The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." Id. at *2. The ALJ's January 21, 2015 decision was issued before March 28, 2016, when SSR 16–3p became effective, and there is no binding precedent interpreting this new ruling including whether it applies retroactively. Compare Ashlock v. Colvin, 2016 WL 3438490, at *5 n.1 (W.D. Wash. June 22, 2016) (declining to apply SSR 16–3p to an ALJ decision issued prior to the effective date), with Lockwood v. Colvin, 2016 WL 2622325, at *3 n.1 (N.D. Ill. May 9, 2016) (applying SSR 16–3p retroactively to a 2013 ALJ decision); see also Smolen v. Chater, 80 F.3d 1273, 1281 n.1 (9th Cir. 1996) ("We need not decide the issue of retroactivity [as to revised regulations] because the new regulations are consistent with the Commissioner's prior policies and with prior Ninth Circuit case law") (citing Pope v. Shalala, 998 F.2d 473, 483 (7th Cir. 1993) (because regulations were intended to incorporate prior Social Security Administration policy, they should be applied retroactively)). Here, SSR 16–3p on its face states that it is intended only to "clarify" the existing regulations. However, because the ALJ's findings regarding this issue fail to pass muster irrespective of which standard governs, the Court need not resolve the retroactivity issue. Notwithstanding the foregoing, SSR 16–3p shall apply on remand.

the record lead to that conclusion." Smolen, 80 F.3d at 1284; see also Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015) (holding "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination").

"If the ALJ's credibility finding is supported by substantial evidence, [a court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). However, an ALJ's failure to give specific, clear, and convincing reasons to reject the claimant's testimony regarding the severity of the symptoms is not harmless because it precludes the Court from conducting a meaningful review of the ALJ's reasoning. Brown-Hunter, 806 F.3d at 489.

The ALJ's credibility determination must be supported by "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks omitted). A "reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). As such, an "implicit" finding that a plaintiff's testimony is not credible is insufficient. Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (per curiam). In other words, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." Smolen, 80 F.3d at 1284.

**C. ANALYSIS**

Here, the ALJ first found "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR at 26. Thus, because there was no evidence of malingering, the ALJ was required to provide "specific, clear and convincing reasons" in order to properly reject Plaintiff's testimony about the severity of her symptoms. Molina, 674 at 1112. Instead, the

9

ALJ failed to provide *any* specific reasons for rejecting Plaintiff's subjective complaints of impairment. In addition, the ALJ failed to specify which part of Plaintiff's symptom testimony was not credible or what facts in the record led him to that conclusion. Smolen, 80 F.3d at 1284.

Defendant suggests the ALJ's discussion of the record throughout the opinion "provide[d] the foundation for the ALJ's finding that Plaintiff was not fully credible." JS at 16-17. However, accepting Defendant's argument would require this Court to improperly speculate as to (1) what portion of Plaintiff's testimony the ALJ rejected, and (2) the ALJ's specific reason for rejecting Plaintiff's testimony. Ultimately, the ALJ's failure to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony precludes this Court from conducting a meaningful review of the ALJ's reasoning. Brown-Hunter, 806 F.3d at 489. Hence, the ALJ's decision must be reversed.

## VIII.
## RELIEF

### A.  APPLICABLE LAW

"When an ALJ's denial of benefits is not supported by the record, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Hill v. Astrue, 698 F.3d 1153, 1162 (9th Cir. 2012) (citation omitted). "We may exercise our discretion and direct an award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." Id. (citation omitted). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id. (citations omitted); see also Reddick v. Chater, 157 F.3d 715, 729 (9th Cir. 1998) ("We do not remand this

case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

**B.　ANALYSIS**

In this case, the record has not been fully developed. The ALJ must provide specific, clear, and convincing reasons for rejecting Plaintiff's subjective complaints of impairment. Accordingly, remand for further proceedings is appropriate.

## IX.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: June 07, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge